# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AMTRUST INTERNATIONAL UNDERWRITERS, LTD., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: ) |
| PETER GOLDMAN; LHC MANAGEMENT, LLC; and LAKESHORE ATHLETIC CLUB ILLINOIS CENTRE, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, AmTrust International Underwriters, Ltd., by and through its attorneys, Anthony G. Barone and David M. Jenkins of Barone & Jenkins, P.C. and for its Complaint for Declaratory Judgment against Defendants, Peter Goldman; LHC Management, LLC; and Lakeshore Athletic Club Illinois Centre, LLC, hereby states as follows:

## PARTIES

1. Plaintiff, AmTrust International Underwriters, Ltd. ("AmTrust"), is an insurance company authorized to conduct insurance business within the State of Illinois. AmTrust is a corporation organized and existing under the laws of the Republic of Ireland, with its United States principal place of business in New York City, New York.

2. Defendant, Peter Goldman ("Goldman"), is an individual who, on information and belief, is a resident and citizen of the State of Illinois.

3. On information and belief, Defendant, LHC Management, LLC ("LHC Management"), is a limited liability company organized and existing under the laws of the State of Illinois, whose members are all Illinois citizens, and which is therefore an Illinois citizen.

4. On information and belief, Defendant, Lakeshore Athletic Club Illinois Center, LLC ("LAC"), is a limited liability company organized and existing under the laws of the State of Illinois, whose members are all Illinois citizens, and which is therefore an Illinois citizen.

## JURISDICTION AND VENUE

5. This Court has diversity of citizenship jurisdiction under 28 U.S.C. §1332(a)(2), because the present matter is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a foreign state and citizens of various states. In this regard, the object of the declaratory judgment at issue relates to AmTrust's denial of defense and indemnity obligations for a pending lawsuit against Goldman, which seeks an amount in excess of $10.5 million plus prejudgment interest, attorney fees and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, because one or more Defendants reside within this judicial district and a substantial part of the actions and transactions at issue occurred within the Northern District of Illinois.

## GENERAL ALLEGATIONS

7. On information and belief, Goldman is the Manager of LHC Management, LLC, which is an Illinois limited liability company doing business as Lakeshore Sport and Fitness.

8. On information and belief, at times relevant herein, LHC Management was in the business of operating athletic clubs and, along with Goldman and other individuals, directly and through holding companies, had an ownership of a health club located at 211 N. Stetson Ave., Chicago, Illinois, commonly known as the Lakeshore Athletic Club Illinois Center (hereinafter, the "Stetson Facility").

9. AmTrust issued a Directors & Officers – Private Company Liability insurance policy to LHC Management, with the effective dates of October 1, 2013 through October 1, 2014 (hereinafter, the "AmTrust Policy"). A true and correct copy of the AmTrust Policy is attached hereto as Exhibit A.

10. The Coverage Elements provided by the AmTrust Policy include "Private Company Liability Coverage Element," which applies to claims first made against an insured during the policy period for any actual or alleged "Wrongful Act," in relevant part as follows:

**Insuring Agreements**

**Coverage A: Individual Insurance Coverage**
The **Insurer** shall pay **Loss** of **an Individual Insured** arising from a **Claim** first made against such **Individual Insured** during the **Policy Period** or the Extended Reporting Period, if applicable, for any actual or alleged **Wrongful Act** of such **Individual Insured**, except when and to the extent that a **Company** has indemnified the **Individual Insured** for such **Loss**.

**Coverage B: Company Reimbursement Coverage**
The **Insurer** shall pay **Loss** of a **Company** arising from a **Claim** first made against an **Individual Insured** during the **Policy Period** or the Extended Reporting Period, if applicable, for any actual or alleged **Wrongful Act** of **such Individual Insured**, but only when and to the extent that such **Company** has indemnified such **Individual Insured** for such **Loss**.

**Coverage C: Company Coverage**
The **Insurer** shall pay Loss of a **Company** arising from a **Claim** first made against a **Company** during the **Policy Period** or the Extended Reporting Period if applicable for any actual or alleged **Wrongful Act** of a **Company**.

11. On or about October 24, 2013, LAC filed a two-count complaint against Goldman in the Circuit Court of Cook County, Illinois, which was served on Goldman on or about April 14, 2014 (hereinafter, the "Underlying LAC Litigation"). A true and correct copy of the LAC complaint is attached hereto as Exhibit B.

3

12. The LAC complaint alleges a cause of action for breach of express contract (Count I) and a cause of action for intentional interference with contractual relationships (Count II).

13. LAC's complaint arises out of Goldman's acquisition of the Stetson Facility, and alleges that Goldman breached a Confidentiality and Non-Disclosure Agreement (hereinafter, the "Confidentiality Agreement"), that Goldman allegedly entered into with LAC in connection with Goldman's negotiations to acquire a portion of the ownership of LAC in the Stetson Facility.

14. LAC seeks to hold Goldman liable for an amount in excess of $10.5 million in compensatory damages for alleged breach of the Confidentiality Agreement, and further alleges that Goldman's actions in breaching the Confidentiality Agreement also constitutes an intentional interference with LAC's contractual relationships with its lenders.

15. On information and belief, Goldman and/or LHC Management have retained counsel to defend the underlying lawsuit brought by LAC.

16. Goldman and/or LHC Management provided notice to AmTrust of the claim.

17. On or about June 17, 2014, AmTrust advised Goldman that the LAC lawsuit was not covered by the AmTrust Policy and declined coverage for the LAC lawsuit.

18. On information and belief, Goldman and/or LHC Management do not agree with AmTrust's conclusion.

## COUNT I
**(Coverage Is Excluded By The Contractual Liability Exclusion)**

19. AmTrust repeats and realleges Paragraph 1 through 18 above as Paragraph 19 of this Count I.

20. The AmTrust Policy contains a "Broad Form Contract Exclusion" in Endorsement No. 5 and Exclusion O.3. in Section III, Exclusions, which excludes coverage for claims alleging

4

or arising out of any actual or alleged contractual liability of any insured. By virtue of Endorsement No. 5 and Exclusion O.3., the AmTrust Policy does not apply to any claims:

> alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the **Company** or any other **Insured** under any express contract or agreement, including but not limited to the terms, conditions, representations or warranties made in any purchase or sale agreements. This Exclusion shall not apply to liability which would have attached in the absence of such express contract or agreement;

21. Coverage is excluded for the Underlying LAC Litigation because all claims asserted therein allege, arise out of, are based upon or are attributable to an actual or alleged contractual liability of Goldman and/or LHC Management under an express contract or agreement.

22. On information and belief, Goldman and LHC Management dispute the above contentions of AmTrust.

23. By reason of the foregoing, an actual and justiciable controversy exists between the parties, and each of them, which may be decided by a judgment or order of this Court. Pursuant to 28 U.S.C. §2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of the parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, Plaintiff AmTrust respectfully requests that this Honorable Court enter judgment in its favor finding and declaring the rights of the parties as follows:

(A) that no coverage exists under the AmTrust Policy, No. EUC 1001347-00, for the Underlying LAC Litigation because such coverage is excluded by Exclusion O.3, contained in Section III, Exclusions, as amended by Endorsement No. 5;

(B) that AmTrust does not have a duty to defend or to reimburse defense costs for, or a duty to indemnify Goldberg or LHC Management with respect to, the Underlying LAC Litigation; and

(C) awarding AmTrust its costs and such other and further relief as the Court deems just and appropriate under the circumstances.

## COUNT II
### (The Underlying LAC Complaint Does Not Allege A Wrongful Act In Goldman's Capacity As An Employee or Executive)

24. AmTrust repeats and realleges Paragraphs 1 through 18 above as Paragraph 24 of this Count II.

25. The AmTrust Policy defines the term "Wrongful Act" as follows:

R. **Wrongful Act** means
   1. any breach of duty, neglect, error, misstatement, misleading statement, omission or act by an **Individual Insured** in their respective capacities as such, or any matter claimed against such **Individual Insured** solely by reason of his or her status as an **Executive**, **Employee,** or **Outside Entity Executive**; or
   2. any breach of duty, neglect, error, misstatement, misleading statement, omission or act by a **Company**.

26. Similarly, Exclusion E excludes coverage for claims arising out of acts, errors or omissions of an Individual Insured serving in any capacity other than as an Executive or Employee. Specifically, Exclusion E states that it excludes claims,

E. alleging, arising out of, based upon or attributable to any actual or alleged act, error or omission of an **Individual Insured** serving in any capacity other than as an **Executive** or **Employee** of a **Company** or as an **Outside Entity Executive** of an **Outside Entity.**

27. Coverage is not provided by the AmTrust Policy because the allegations in the Underlying LAC Litigation allege acts, errors, and omissions of Goldman in an individual capacity only, and for personal gain, and do not allege any acts, errors or omissions in his capacity as an Executive or an Employee of LHC Management.

28. On information and belief, Goldman and LAC Management dispute the above contentions of AmTrust.

6

29. By reason of the foregoing, an actual and justiciable controversy exists between the parties, and each of them, which may be decided by a judgment or order of this Court. Pursuant to 28 U.S.C. §2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of the parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, Plaintiff AmTrust respectfully requests that this Honorable Court enter judgment in its favor finding and declaring the rights of the parties as follows:

(A) that no coverage exists under the AmTrust Policy, No. EUC 1001347-00, for the Underlying LAC Litigation because the claim does not allege any "Wrongful Act" as defined by the AmTrust Policy, and is excluded by Exclusion E;

(B) that AmTrust does not have a duty to defend or to reimburse defense costs for, or a duty to indemnify Goldman or LHC Management with respect to, the Underlying LAC Litigation; and

(C) awarding AmTrust its costs and such other and further relief as the Court deems just and appropriate under the circumstances.

### COUNT III
### (No Coverage Under The AmTrust Policy Because The Claim Is Excluded By The Exclusion "A")

30. AmTrust repeats and realleges Paragraph 1 through 18 above as Paragraph 30 of this Count III.

31. The AmTrust Policy contains a policy exclusion, Exclusion A, in Section III, Exclusions, which excludes coverage for any claim "alleging, arising out of, based upon or attributable . . . [the] gaining of any profit, remuneration, or advantage to which the Insured was not legally entitled, as established in any final adjudication."

7

32. Upon information and belief, Goldman and/or LHC Management gained a profit, remuneration, or advantage to which they were not legally entitled by virtue of the transactions at issue in the Underlying LAC Litigation.

33. Coverage is excluded for the Underlying LAC Litigation because the claim allege, arise out of, are based upon or attributable to the gaining of a profit, remuneration or advantage to which Goldman and/or LHC Management were not legally entitled.

34. On information and belief, Goldman and/or LHC Management dispute the above contentions of AmTrust.

35. By reason of the foregoing, an actual and justiciable controversy exists between the parties, and each of them, which may be decided by a judgment or order of this Court. Pursuant to 28 U.S.C. §2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of the parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, Plaintiff AmTrust respectfully requests that this Honorable Court enter judgment in its favor finding and declaring the rights of the parties as follows:

(A) enter a final adjudication that Goldman and/or LHC Management have gained a profit, remuneration, or advantage to which they were not legally entitled relative to the transactions at issue in the Underlying Litigation;

(B) that no coverage exists under the AmTrust Policy, No. EUC 1001347-00, for the Underlying Litigation because such coverage is excluded by Exclusion A, contained in Section III, Exclusions;

(C) that AmTrust does not have a duty to defend or to reimburse defense costs for, or a duty to indemnify Goldman or LHC Management with respect to, the Underlying LAC Litigation; and

(D) awarding AmTrust its costs and such other and further relief as the Court deems just and appropriate under the circumstances.

8

## COUNT IV
### (No Coverage For Punitive Damages)

36. AmTrust repeats and realleges Paragraph 1 through 18 above as Paragraph 36 of this Count IV.

37. In the definition of "Loss" of the AmTrust Policy, the policy provides that the term "Loss" shall not include "matters which may be deemed uninsurable under the law pursuant to which this policy shall be construed."

38. Punitive damage are not insurable under Illinois law, and coverage for punitive damages is against public policy in Illinois.

39. The AmTrust Policy does not provide coverage for the punitive damages alleged in the Underlying LAC Litigation.

40. On information and belief, Goldman and LAC Management dispute the above contentions of AmTrust.

41. By reason of the foregoing, an actual and justiciable controversy exists between the parties, and each of them, which may be decided by a judgment or order of this Court. Pursuant to 28 U.S.C. §2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of the parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, Plaintiff AmTrust respectfully requests that this Honorable Court enter judgment in its favor finding and declaring that there is no coverage for any punitive damages which are sought or may be awarded in the Underlying LAC Litigation, and awarding AmTrust its costs and other such and further relief as the court deems just and appropriate.

Respectfully Submitted,

**AMTRUST INTERNATIONAL UNDERWRITERS, LTD.**

By:     /s/ Anthony G. Barone
         One of Its Attorneys

Anthony G. Barone (#6196315)
David M. Jenkins (#6211230)
Barone & Jenkins, P.C.
635 Butterfield Rd., Suite 145
Oakbrook Terrace, IL 60181
Phone: 630-472-0037
Fax:    630-472-0864